# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF ORBIE COGGINS, deceased, by and through GAIL COGGINS BROOKS and DUANE COGGINS, as Personal Representatives, <br><br> Plaintiffs, <br><br> v. <br><br> WAPATO POINT MANAGEMENT COMPANY HEALTH AND WELFARE PLAN; WAPATO POINT MANAGEMENT COMPANY, INC., as Plan Administrator, <br><br> Defendants/Third Party Plaintiffs, <br><br> v. <br><br> LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 292, a labor organization, <br><br> Third Party Defendant. | CASE NO: 2:13-CV-414-RMP <br><br> ORDER GRANTING THIRD-PARTY DEFENDANT LIUNA'S MOTION TO DISMISS |

ORDER GRANTING THIRD-PARTY DEFENDANT LIUNA'S MOTION TO DISMISS ~ 1

Before the Court is Third-Party Defendant Laborer's International Union of North America, Local 292 ("LIUNA")'s motion to dismiss for failure to state a claim. ECF No. 8. The underlying cause of action is an alleged breach of fiduciary duties pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*. ECF No. 2-1 at 12. The Court has considered the motion and related documents.

## BACKGROUND

The Estate of Orbie Coggins ("Plaintiff") alleges that Defendants Wapato Point Management Health and Welfare Plan and Wapato Point Management Company, Inc. (collectively, "Defendants") breached their fiduciary duties by failing to notify decedent Coggins of the termination of his death benefits coverage. ECF No. 2-1 at 11.

Mr. Coggins participated in a Company Health and Welfare Plan ("Company Plan") that included life insurance coverage of two times an employee's annual salary. ECF Nos. 2-1 at 9-10, 3 at 3. On or about May 1, 2009, LIUNA and Defendant Wapato Point Company reached a Collective Bargaining Agreement ("CBA") that required employees to participate in the Northwest Laborers-Employees Health and Security Trust Fund ("Union Plan"). ECF No. 2-1 at 10. Defendants state that life insurance benefits under the Union Plan were limited to $5,000. ECF No. 3 at 6. Plaintiff claims, however, that on or about

January 21, 2011, Mr. Coggins received a 2010 benefits statement from Defendant Wapato Point Company indicating that he was still paying into the Company Plan for life insurance. ECF No. 2-1 at 10.

Mr. Coggins died on December 16, 2011, and the beneficiaries of his estate sought his life insurance benefits under the Company Plan. ECF No. 2-1 at 10. The life insurance provider indicated that Defendant Wapato Point Company had terminated coverage on May 31, 2009. ECF No. 2-1 at 10. LIUNA filed a grievance that was subject to mediation, which resulted in a settlement check for Plaintiff in the amount of $10,000. ECF No. 2-1 at 10-11.

Plaintiff claims that Defendants breached their fiduciary duties by failing to provide complete and accurate information regarding the status and termination of Mr. Coggins's insurance coverage. ECF No. 2-1 at 11. This action was removed to this Court from Chelan County Superior Court based on federal question jurisdiction, 28 U.S.C. § 1331. ECF No. 1 at 2.

After removal of the case, Defendants filed a third-party complaint against LIUNA. ECF No. 3. LIUNA is a labor organization as defined by ERISA and was Mr. Coggins's bargaining representative. ECF No. 3 at 8. Defendants claim that LIUNA is liable "[f]or and to the extent defendants/third-party plaintiffs are found liable for a violation of ERISA and/or Section 301." ECF No. 3 at 10.

LIUNA moves for dismissal of the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Defendants failed to assert any legal basis under federal or state law pursuant to which relief could be granted. ECF No. 8 at 5.

Defendants respond that LIUNA could be liable for breach of an ERISA fiduciary duty and breach of the duty of fair representation under § 301 of the Labor Management Relations Act. ECF No. 15 at 8-12. Defendants further argue that they satisfied any fiduciary duty that they may have owed to union employees and that they were in fact statutorily prohibited from providing additional information about changes to the employees' benefit plan. ECF No. 15 at 12-14.

DISCUSSION

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this Rule "tests the legal sufficiency of a [plaintiff's] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine plausibility, a court should (1) take note of the elements that a plaintiff must plead to state a claim; and (2) determine whether the factual allegations as asserted in the complaint support that claim. *Id.* at 679.

While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

Courts may review documents referenced in a complaint for purposes of deciding a motion to dismiss. *Davis v. HSBC Bank Nev., N.A*, 691 F.3d 1152, 1159-60 (9th Cir. 2012); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court has reviewed both the CBA and the mediation

ORDER GRANTING THIRD-PARTY DEFENDANT LIUNA'S MOTION TO DISMISS ~ 5

settlement agreement because both documents are referenced in the Third-Party Complaint. ECF No. 3 at 4, 9.

**A. Breach of Fiduciary Duty under ERISA**

ERISA imposes fiduciary duties on individuals or entities that fall within the meaning of "fiduciary" in the statute. *See* 29 U.S.C. §§ 1104-1105. Plaintiff alleges in relevant part that Defendants violated their fiduciary duties under 29 U.S.C. §§ 1101-1104 and that relief should be granted under § 1132. ECF No. 2-1 at 11-12.

In turn, Defendants claim in their Third-Party Complaint that "to the extent defendants/third-party plaintiffs are found liable for a violation of ERISA and/or Section 301 [of the Labor Management Relations Act], third-party defendants are liable as Coggins's bargaining representative." ECF No. 3 at 10.

Defendants argue that LIUNA owed Plaintiff a fiduciary duty under ERISA. ECF No. 15 at 10. In relation to an ERISA plan, an entity is a fiduciary if it: (1) exercises any discretionary authority respecting management; (2) renders investment advice; or (3) has any discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21)(A). Fiduciary liability in an ERISA plan depends "upon functional terms of control and authority over the plan" as opposed to how one's duties are formally characterized.

*CSA 401(K) Plan v. Pension Prof'ls, Inc.*, 195 F.3d 1135, 1138 (9th Cir. 1999) (citing *IT Corp. v. Gen. Am. Life Ins.*, 107 F.3d 1415, 1419 (9th Cir. 1997)).

Defendants rely on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), to argue that LIUNA was a plan administrator for purposes of ERISA. ECF No. 15 at 10. In *Varity*, ERISA plan beneficiaries sued their former employer for breach of fiduciary duty. 516 U.S. at 492. The employer, which was also the administrator of the plan, intentionally induced a group of employees to accept a change of employer and benefit plan. *Id.* at 492-94.

In light of the employer's dual-role, the Court considered whether the employer was acting in its capacity as an ERISA fiduciary or as an employer when it misled the beneficiaries. *Id*. at 498. The Court held that that the corporation acted as a fiduciary because it "was exercising 'discretionary authority' respecting the plan's 'management' or 'administration' when it made these misrepresentations. . . ." *Id.* The Court found that conveying information was an exercise of an administrative duty in this context because the corporation was carrying out an important plan purpose. *Id.* at 502. Because the corporation was acting as a plan administrator, the Court held that it was performing a fiduciary role and that ERISA liability attached. *Id*. at 503-05.

Here, Defendants rely on *Varity* to contend that LIUNA acted as a plan administrator when it "provided information about the LIUNA Plan and

ORDER GRANTING THIRD-PARTY DEFENDANT LIUNA'S MOTION TO DISMISS ~ 7

encouraged Union employees to implement it." ECF No. 15 at 10.  However, in *Varity*, it was uncontested that the employer corporation was an ERISA plan administrator.  *See* 516 U.S. at 492.  Therefore, the issue was whether the corporation was acting in its role as a plan administrator or in its role as an employer when it deceived the employees.

In contrast, the issue here is whether LIUNA's conduct transformed it into a plan administrator, implicating fiduciary duties under ERISA.  *See* ECF No. 15 at 10.  An entity "can still be found liable as a 'de facto' fiduciary if it lacks formal power to control or manage a plan yet exercises informally the requisite 'discretionary control' over plan management and administration . . . ." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1101-02 (9th Cir. 2004).

Defendants have not alleged sufficient facts to render their claim that LIUNA owed a fiduciary duty under ERISA "plausible on its face." *Twombly*, 550 U.S. at 570.  Defendants' assertion that LIUNA is a plan administrator rests on the fact that LIUNA "provided information about the LIUNA Plan and encouraged union employees to implement it." ECF No. 15 at 10.  However, only the termination of life insurance coverage under the *Company* Plan forms the basis of Plaintiff's suit.  *See* ECF No. 2-1 at 10 ("On or about January, 21,2011, Coggins received a 2010 Benefits Statement from the Company which indicated that he was still paying into the Company Plan for life insurance coverage."); ECF No. 2-1 at

11 ("Neither Coggins nor his designated beneficiaries received notice that his Company Plan life insurance benefits were going to be terminated."). Providing information about the LIUNA (or Union) Plan would not create a fiduciary duty as to the separate Company Plan.

Moreover, LIUNA's role as a bargaining representative would not by itself create a fiduciary duty under ERISA. *See Wright*, 360 F.3d at 1102 (union's participation in side agreement not to amend ERISA plan did not constitute a fiduciary function); *see also Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 631 (9th Cir. 1990) (collective bargaining representative "was not an ERISA fiduciary simply because it negotiated" termination of plan). Accordingly, Defendants have not alleged sufficient facts to claim that LIUNA was a fiduciary under ERISA.

**B. Duty of Fair Representation**

Defendants claim that LIUNA breached its duty of fair representation pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(b). ECF No. 3 at 9. Section 301 of the LMRA authorizes a labor organization to sue or be sued "as an entity and in behalf of the employees whom it represents in the courts of the United States." 29 U.S.C. § 185(b). A union has the duty to represent all of the members of the employee bargaining unit fairly. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 271 (2009) (quoting *Marquez v. Screen Actors*, 525 U.S. 33, 44 (1998)). The duty of fair representation is a judicial construct that

1  courts have inferred from the grant under the LMRA "of the union's exclusive
2  power to represent all employees in a particular bargaining unit." *Breininger v.*
3  *Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 87 (1989).

4  Defendants acknowledge that Plaintiff does not expressly assert a breach of
5  fair representation claim. ECF No. 15 at 11. Rather, Defendants infer that
6  Plaintiff "in reality" alleged this claim and as such LIUNA should remain a party
7  to the proceedings. ECF No. 15 at 11-12.

8  Defendants do not have standing to bring this claim on Plaintiff's behalf.
9  Standing to bring a suit for breach of the duty of fair representation against a union
10 requires that a plaintiff is either a member of a collective bargaining unit or a third-
11 party beneficiary to that contract. *Moore v. Local Union 569 of Int'l Bhd. of Elec.*
12 *Workers*, 989 F.2d 1534, 1545 (9th Cir. 1993). An underlying principle of this rule
13 is that "[i]n the ordinary course, a litigant must assert his or her own legal rights
14 and interests, and cannot rest a claim to relief premised on the legal rights or
15 interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991).

16 Defendants are not members of the collective bargaining unit and they do
17 not claim to be third-party beneficiaries to the contract. Because Defendants do
18 not fall into either category, they lack standing to assert a breach of fair
19 representation claim against LIUNA.

20

**C. Defendants' Duty to Union Employees**

The last two issues that Defendants raise in response to LIUNA's motion to dismiss concern Defendants' duties in relation to Plaintiff rather than LIUNA's liability. First, Defendants argue that they met their fiduciary duty to union employees by notifying them of potential plan changes in 2007 and 2009. ECF No. 15 at 12. When the Union Plan was adopted in 2009, according to Defendants, their own duty to notify employees of plan changes ceased and LIUNA's duty began. ECF No. 15 at 13.

Second, Defendants argue that they were legally prohibited from notifying union employees about changes in their benefits plan because such conduct would have constituted unlawful direct dealing. *Id*. Defendants contend that it was LIUNA's duty to notify union employees about benefits changes. *Id*. at 14.

The issues of whether Defendants fulfilled their fiduciary duties or were prohibited from contacting Plaintiff would not affect LIUNA's liability. Consequently, these are not claims upon which relief could be granted.

CONCLUSION

The Court finds that Defendants have failed to state a legally sufficient claim against LIUNA.

/ / /

1  Accordingly, **IT IS HEREBY ORDERED** that Third-Party Defendant

2 LIUNA's motion to dismiss, **ECF No. 8**, is **GRANTED**.

3  The District Court Clerk is hereby directed to enter this Order, enter

4 Judgment accordingly, terminate LIUNA as a defendant in this case, and provide

5 copies of this Order to counsel.

6  **DATED** this 30th day of April 2014.

8  *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
9  Chief United States District Court Judge